```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PERRY ALLEN DANIELS,**

        **Plaintiff,**

**v.**                                    **Civil Action No. 1:17cv212**
                                                        (Judge Keeley)

**STATE OF WEST VIRGINIA,**
**WEST VIRGINIA STATE POLICE,**
**MONONGALIA COUNTY, WEST VIRGINIA,**
**MONONGALIA COUNTY SHERIFF'S DEPARTMENT,**
**MORGANTOWN POLICE DEPARTMENT,**
**MICHAEL JUNCY FARLEY,**
**RACHEL ANN FARLEY,**
**SUSAN B. TUCKER, Judge,**
**PERRI JO CHRISTOPHER, and**
**CHRISTOPHER J. BERRY,**

        **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTION [DKT. NO. 20],
AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is the Report and Recommendation ("R&R") by the Honorable Michael J. Aloi, United States Magistrate Judge, recommending that the complaint filed by the pro se plaintiff, Perry Daniels ("Daniels"), be dismissed. After a careful review and for the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 15), **OVERRULES** Daniels's objection (Dkt. No. 20), and **DISMISSES** this case **WITHOUT PREJUDICE**.

## I.    BACKGROUND

Daniels first filed his claim as Civil Action No. 5:16-CV-160 on October 18, 2016, which Senior Judge Stamp dismissed without prejudice after multiple mailings from the Clerk to Daniels at the

Case 1:17-cv-00212-IMK-MJA   Document 21   Filed 01/12/21   Page 2 of 7   PageID #: 83

**DANIELS V. WEST VIRGINIA ET AL**                                         **1:17CV212**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20],
AND DISMISSING CASE WITHOUT PREJUDICE**

address listed on the docket were returned undelivered. On December 12, 2017, Daniels refiled his complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants had violated his constitutional and civil rights when they arrested, charged, and tried him on charges in the Circuit Court of Monongalia County, West Virginia (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and this Court's local rules, the Court referred this matter to Magistrate Judge Aloi for initial review (Dkt. No. 8).

On February 1, 2018, Magistrate Judge Aloi entered an Order which granted Daniels's request to proceed in forma pauperis, informed him of his duty to effect service in accordance with Federal Rule of Civil Procedure 4, and notified him of his right to have service effectuated by the United States Marshals Service ("USMS")(Dkt. No. 11 at 2-3). Daniels received a copy of this Order on February 6, 2018 (Dkt. No. 12).

On March 22, 2018, Magistrate Judge Aloi ordered Daniels to explain his failure to effect service on any defendant during the 100 days since the filing of his complaint and to demonstrate within fourteen (14) days why his case should not be dismissed (Dkt. No. 13). On April 2, 2018, a copy of this Show Cause Order was returned undelivered to the Clerk (Dkt. No. 14). Magistrate Judge Aloi then

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20], AND DISMISSING CASE WITHOUT PREJUDICE**

issued an R&R on April 11, 2018 recommending that the Court dismiss Daniels's case without prejudice[1] (Dkt. No. 15).

On April 26, 2018, Daniels responded to the Show Cause Order, requesting that his case "proceed" (Dkt. No. 17). He asserted that, at the time the Clerk attempted to mail him a copy of the R&R, he could not receive mail at his listed address because he had been evicted and lacked personal identification to receive mail at the post office. Id. Daniels received a copy of the R&R at his new address on June 8, 2018 (Dkt. No. 19).

On July 16, 2018, Daniels filed a "Report & Recommendation Response," asserting that, as he previously had informed the Court, his eviction and subsequent inability to receive mail had prevented him from filing a timely response to Magistrate Judge Aloi's Show Cause Order within fourteen (14) days (Dkt. No. 20). He pointed out that he had responded after receiving notice of the Order and then "request[ed] that the case remain open. And that we proceed."

---

[1] Magistrate Judge Aloi recommended dismissal despite the fact that Daniels had not received a copy of the Show Cause Order because Daniels, despite being aware of his duty to update his address, had failed to do so (Dkt. No. 14 at 2). The Notice of General Guidelines for Appearing Pro Se in Federal Court, which Daniels received on December 20, 2017, clearly stated this duty and Daniels was uniquely aware of the consequences of failing to update his address inasmuch as Judge Stamp previously had dismissed this action for that very reason.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20], AND DISMISSING CASE WITHOUT PREJUDICE**

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> only those portions of the R&R to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

## III. DISCUSSION

Inasmuch as Daniels is proceeding pro se, the Court must liberally construe his filings as well as any arguments that reasonably state a claim. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, the Court construes Daniels's April 26, 2018 letter as a response to the Show Cause Order, and his July 16, 2018 letter as an objection to the R&R (Dkt. Nos. 17, 20). The Court interprets these letters to argue that Daniels's case should not be dismissed based on his failure to respond to Magistrate Judge Aloi's Show Cause Order because the intervening event of his eviction constitutes good cause to excuse his failure to respond in a timely manner. Although this objection is untimely,[2] the Court, in fairness to Daniels, reviews Magistrate

---

[2] Daniels had fourteen (14) days following his receipt of the R&R on June 8, 2018, to file objections, but he failed to do so until July 16, 2018. Dkt. Nos. 19, 20; Fed. R. Civ. Pro. 72(b)(2).

Case 1:17-cv-00212-IMK-MJA   Document 21   Filed 01/12/21   Page 5 of 7   PageID #: 86

**DANIELS V. WEST VIRGINIA ET AL**                        **1:17CV212**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20],
AND DISMISSING CASE WITHOUT PREJUDICE**

Judge Aloi's recommendation that Daniels's case be dismissed for failure to serve de novo.

**A.**

A plaintiff must serve process upon the defendants within ninety (90) days of filing his complaint. Fed. R. Civ. Pro. 4(m). If he fails to do so, "the court, . . . after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. The Court must extend the time for service "if the plaintiff shows good cause for the failure." Id.

Good cause under Rule 4(m) is often predicated on some outside factor or mitigating circumstance that thwarts the plaintiff's diligent attempts to effect service.[3] 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed. 2018). A plaintiff's pro se status alone, however, does not constitute good cause under Rule 4(m). See e.g., Tann v. Fisher, 276 F.R.D. 190, 193 (D. Md.), aff'd, 458 Fed. App'x. 268 (4th Cir. 2011)(finding that pro se status was insufficient to establish good cause for failure to serve even though the plaintiff mistakenly believed that service had been made)(citing Hansan v. Fairfax Cnty. Sch. Bd., 405 Fed. App'x. 793, 794 (4th Cir. 2010). Regardless of pro se status, "[t]o establish

---

[3] Courts have found good cause where the plaintiff is unable to complete service because of a third parties' conduct or the defendant's evasion of service.

Case 1:17-cv-00212-IMK-MJA   Document 21   Filed 01/12/21   Page 6 of 7 PageID #: 87

**DANIELS V. WEST VIRGINIA ET AL**                                     **1:17CV212**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20],
AND DISMISSING CASE WITHOUT PREJUDICE**

good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service." Miller v. Tucker, 2014 WL 989204, at *1 (S.D.W. Va. Mar. 13, 2014).

**B.**

Rule 4(m) required Daniels to serve process on or before March 12, 2018. After he failed to do so, Magistrate Judge Aloi issued the Show Cause Order, as required by Rule 4(m) (Dkt. No. 13). Although Daniels eventually responded to this Order, he made no attempt to establish good cause for his failure to serve process on the defendants. His response merely explained why he initially did not receive a copy of the Show Cause Order and argued that his untimely response should be excused. Daniels's eviction may justify his untimely response to Magistrate Judge Aloi's Show Cause Order, but it is not good cause for his failure to serve the defendants. Likewise, Daniels's objection to the R&R offers no justification for his failure to serve the defendants.

Nor does Daniels's pro se status excuse his failure to serve process on the defendants where, to this date, he has made no effort, let alone a diligent effort, to do so. Further, Daniels does not allege any mitigating circumstances that have prevented him from completing service.

On several occasions, the Court has reminded Daniels of his duty to comply with Rule 4(m). It also has apprised him of his options for completing service, including engaging the USMS to effect service on

Case 1:17-cv-00212-IMK-MJA   Document 21   Filed 01/12/21   Page 7 of 7 PageID #: 88

**DANIELS V. WEST VIRGINIA ET AL**                                           **1:17CV212**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15],
OVERRULING PLAINTIFF'S OBJECTION [DKT. NO. 20],
AND DISMISSING CASE WITHOUT PREJUDICE**

his behalf and has warned him of the consequences of his failure to serve. Despite these efforts, in the thirty-six (36) months that have passed since Daniels filed his complaint, he has never attempted to effect service on any defendant. For this reason, even if Daniels's letters were construed as requests for additional time to serve the defendants, the Court would reach the same conclusion.

## IV. CONCLUSION

For the reasons discussed, following a de novo review of Daniels's objection and finding no clear error in those portions of the R&R not specifically objected to, the Court:

1. **ADOPTS** the R&R (Dkt. No. 15);

2. **OVERRULES** Daniels's objection to the R&R (Dkt. No. 20); and

3. **DISMISSES** this civil action **WITHOUT PREJUDICE** and **DIRECTS** that it be stricken from the Court's active docket.

It is so **ORDERED**.

The CLERK **SHALL** enter a separate judgment order and transmit copies of both orders to the pro se plaintiff by certified mail, return receipt requested.

DATED: January 12, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE